UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE VALENTINE, an individual, on behalf of herself and others similarly situated, | ) ) ) ) | CASE NO. 5:09CV1987 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | |
| CHECK PLUS SYSTEMS, L.P., | ) ) | **MEMORANDUM OPINION** |
| DEFENDANT. | ) ) | |

Before the Court is defendant's motion to enter judgment and to dismiss the case under Fed. R. Civ. P. 12(b)(1). (Doc. No. 14.) Plaintiff filed a memorandum in opposition (Doc. No. 15)[1] and defendant filed a reply (Doc. No. 17). For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this putative class action on August 25, 2009 alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). The complaint contains a single federal claim and seeks a declaratory judgment, statutory damages under 15 U.S.C. § 1692k, and an award of costs and attorney's fees under Section 1692k.[2] The complaint alleges no actual damages.

---

[1] This opposition is also supported by an affidavit. (Doc. No. 16.)

[2] Title 15, Section 1692k(a) provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

On October 21, 2009, defendant filed its answer and, pursuant to LR 16.1(b)(2), the Court immediately scheduled the Case Management Conference ("CMC") for November 16, 2009. In compliance with the CMC Scheduling Order, the parties filed their Report of Parties' Planning Meeting on November 4, 2009. This report suggested a non-expert discovery cut-off of April 1, 2010 and made no specific recommendation regarding class discovery or a deadline for filing the class certification motion. Under LR 23.1(c), plaintiff had until November 25, 2009 to file a motion for class certification.[3]

On November 16, 2009, the Court conducted the CMC and, after discussion with counsel, set case management deadlines. The non-document Minutes of Proceedings filed that same day reflect that defendant stated a "desire to promptly file a motion to dismiss." The Court has no recollection, and the minutes do not reflect, that counsel informed the Court that a Rule 68 Offer of Judgment had already been served on the plaintiff on November 12, 2009.[4]

---

        (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

        (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

[3] LR 23.1(c) provides:

(c) <u>Class Action Determination</u>. Unless the Court otherwise orders, the party or parties asserting a class action shall, within ninety (90) days after the filing of a pleading asserting the existence of a class or within such other period of time mandated by controlling statute, move for a determination under Fed.R.Civ.P. 23(c)(1), whether the action is to be maintained and, if so, the membership of the class. As soon as practicable after the motion papers for and against class action determination have been submitted, the Court shall enter an order determining whether the action shall be so maintained. Nothing in this Rule shall preclude any party from moving to strike the class action allegations.

[4] The offer of judgment stated that judgment would be entered against the defendant in the statutory amount of $1,001.00 plus reasonable attorney's fees and costs as either agreed upon by the parties or determined by the Court. (Doc. No. 14-1 at 5.) Plaintiff apparently rejected the offer of judgment, but the record does not reflect when she did so.

In view of defendant's desire to file a motion to dismiss, the Court issued the Case Management Plan ("CMP") which stayed discovery[5] pending a ruling on the motion to dismiss which was to be filed by December 7, 2009 and would have been fully at issue on January 7, 2010. The Court also ordered a telephone conference for December 3, 2009 to discuss the status of settlement discussions.[6] During that conference, counsel informed the Court that progress toward settlement had been made and requested additional time for discussions. The Court stayed the deadline for defendant's motion to dismiss and scheduled another conference for December 18, 2009. At that conference, counsel indicated their desire for even more time to conduct settlement discussions. Defendant's counsel suggested extending the original deadline for the motion to dismiss to January 4, 2010, with the motion scheduled to be at issue by February 5, 2010.

The original CMP also set a deadline for plaintiff to file her class certification motion. The motion was to be due on July 15, 2010.[7] During the December 18, 2009 conference, as reflected in the non-document Minutes of Proceedings, the Court noted that "Plaintiff may wish to file her motion for class certification earlier than the deadline set by the Case Management Plan[,]" but that "the Court will not advance the other deadlines relating to such motion that were set by the Case Management Plan." As of the date of this order, no class certification motion has been filed.

---

[5] The affidavit of plaintiff's counsel, Robert W. Murphy, which accompanied the opposition brief, states that discovery aimed at obtaining certification materials had already been served on defendant on October 21, 2009. There is attached to the affidavit a "Notice of Service of Interrogatories to Defendant Check Plus Systems, LP." (Doc. No. 16-2.) However, this Notice is not on the docket and was never filed.

[6] Some unsuccessful settlement discussions were also conducted during the CMC.

[7] As already noted, absent this specific order of the Court, under the Court's Local Rules the class certification motion would have been due on or about November 25, 2009.

On January 4, 2010, defendant timely filed the instant motion to enter judgment and to dismiss, arguing that, in view of the Rule 68 offer of judgment which would award plaintiff all the relief to which she is entitled, her claim has been mooted and, since no class has been certified, this Court now lacks subject matter jurisdiction.

## II. DISCUSSION

Article III of the U.S. Constitution extends the subject matter jurisdiction of federal courts to actual, ongoing cases or controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407 (1972)).

"[A] Rule 68 offer can be used to show that the court lacks subject-matter jurisdiction." *O'Brien v. Ed Donnelly Enterprises*, 575 F.3d 567, 574 (6th Cir. 2009) (citing *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won") and *Drs. Hill & Thomas Co. v. U.S.*, 392 F.2d 204 (6th Cir. 1968) (government offered, though not pursuant to Rule 68, to give more money to tax-refund claimant than was claimed and district court correctly dismissed the claim as moot)).

"[S]pecial mootness rules exist for class actions." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). "*Once a class is certified*, the mooting of the named plaintiff's claim does not moot the action[.]" *Id*. (emphasis in original). "Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." *Id.* (emphasis in original).

In *O'Brien*, a putative class action brought under the Fair Labor Standards Act, the Sixth Circuit "agree[d] with the Seventh Circuit's view that an offer of judgment that satisfies a [named] plaintiff's entire demand moots the case[,]" 575 F.3d at 574, but "disagree[d] [. . .] with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *Id.* at 575 (citing *Greisz*, 176 F.3d at 1015 (barring recovery of any damages or attorney's fees when the plaintiff refused an offer of judgment for the full amount of damages plus reasonable costs and attorney's fees)). Instead, the Sixth Circuit has adopted the approach of the Second Circuit which is "to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment[.]" *Id.* (citing *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 160-61 (E.D.N.Y. 2003) and *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)).

Both *Greif* and *Ambalu* were putative class action lawsuits brought under FDCPA. The court in *Greif* explained:

> Section 1692k of the FDCPA limits the liability of a "debt collector" to (1) actual damages sustained by the plaintiff due to the debt collector's violations; (2) "such additional damages as the court may allow, but not exceeding $1,000," and (3) the "costs of the action, together with a reasonable attorney's fee as determined by the court." In the complaint, the plaintiff does not allege any actual damages and requests only that she be awarded statutory damages. Thus, the plaintiff's maximum recovery is $1,000, plus costs of the suit and a reasonable attorney's fee.

*Greif*, 258 F.Supp.2d at 159. Relying on *Ambalu*, the court further explained:

> when a defendant offers "all that [a plaintiff] could hope to recover through [the] litigation, 'there is no justification for taking the time of the court and defendant in the pursuit of [a] minuscule claim[ ] which defendant has ... satisfied.' " [*Ambalu*, 194 F.R.D.] at 453 (quoting *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983)). In such a case, the "personal stake, or legally cognizable interest the plaintiff has in the case is absent." *Ambalu,* 194 F.R.D. at 452 (citing *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ...

5

      and a plaintiff who refuses to acknowledge this loses outright under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.")). When the case lacks a legally cognizable interest, a justiciable case or controversy no longer exists, and thus, the case should be dismissed for lack of subject matter jurisdiction. *See Abrams,* 719 F.2d at 32; *see also, S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.,* 24 F.3d 427, 431 (2d Cir.1994) ("A federal court may only be called upon to adjudge the legal rights of litigants in actual controversies."); *Ambalu,* 194 F.R.D. at 452.

*Id.* at 159-60.

      Both *Greif* and *Ambalu* rejected arguments that a Rule 68 offer of judgment does not apply in a class action context. Instead, those cases concluded that, where no motion for class certification had been filed and no class had yet been certified, an offer of judgment providing all the relief a plaintiff could hope to recover deprived the court of subject matter jurisdiction. They further concluded that this result "was unaltered by the fact that the offer of judgment did not propose to compensate the entire class." *Greif*, 258 F.Supp.2d at 160.[8]

      In this case, under the Local Rules of this Court, plaintiff had until November 25, 2010 to file a motion for class certification, absent a different deadline set by the Court. On November 16, 2010, when the Court conducted the CMC, defendant informed the Court of its desire to file a motion to dismiss. Plaintiff did not inform the Court that an offer of judgment had been received, nor that plaintiff had served class certification discovery which had yet to be answered.[9] Nor did plaintiff object when the Court stayed discovery, pending a ruling on the motion to dismiss, and set July 15, 2010 as the deadline for filing a class certification motion. At a later telephone conference, plaintiff did mention that she might wish to serve her class

---

[8] In *Greif*, the court "acknowledge[d] that a strategic tender of a Rule 68 offer very early in the litigation has the effect of 'buying off' a plaintiff before a motion for certification can be made," *id.* at 161, but noted that 20 months had passed with no class certification motion being filed and, further, that the plaintiff had not indicated that she was prevented from commencing discovery or filing a motion.

[9] If the class certification discovery actually was served on October 21, 2010, the responses would have been due about November 21, 2010. That would have given plaintiff time to file her motion by November 25, 2010, under the deadline set by LR 23.1.

certification motion sooner than the deadline and the Court indicated that she could do so, but the other deadlines would remain in place. However, even after the defendant's motion to dismiss was filed (which clearly sought entry of judgment and dismissal and relied on an argument that no class had yet been certified), plaintiff made no effort to file her class certification motion, but simply filed her opposition to the motion to dismiss.

As a result of these procedural developments, no class has been certified and there is no pending class certification motion. Under the case law cited above, the Rule 68 offer of judgment renders the action moot because it supplies all the relief to which this plaintiff is entitled.

Plaintiff argues that it would not be fair to allow the defendant to "pick off" the class representative. She cites the Third Circuit case of *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004) for the proposition that, although the offer of judgment provides a plaintiff with all the relief to which she is personally entitled, it does not moot a class action, even where no class has yet been certified.

In *Weiss*, defendant made the offer of judgment before filing its answer. Concerned about the possibility that an FDCPA defendant could "pick off" the named Rule 23 plaintiff by "mak[ing] a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint," 385 F.3d at 348, the Third Circuit decided that, "absent undue delay in filing a motion for class certification," *id*., the two rules could be appropriately reconciled by allowing the class action process "to 'play out' according to the directives of Rule 23[.]" *Id.* So long as the plaintiff filed a "timely" motion for class certification,

7

it would be allowed to "relate back" to the filing of the complaint, thereby effectively mooting the Rule 68 offer.[10]

Aside from the fact that this argument fails to acknowledge that the Sixth Circuit has chosen to follow the Seventh and Second Circuits as set forth above, it also does not account for the fact that plaintiff failed at every opportunity to file a motion for class certification or, at the very least, to alert the Court that she might be precluded from filing such a motion if defendant were to make an offer of judgment.

At the CMC when the Court discussed case management deadlines, plaintiff did not object when a deadline of July 15, 2010 was set for the class certification motion. Nor did she inform the Court, when the Court indicated that it would stay discovery pending a ruling on defendant's anticipated motion to dismiss, that class discovery had already been served; she did not ask for an exception to the stay for purposes of that outstanding discovery. Even after the CMC, each time the deadline approached for the filing of defendant's motion to dismiss, the parties jointly sought extensions so they could continue their settlement negotiations. When the Court told plaintiff that she could choose to file her class certification early, she did not request an opportunity to open class certification discovery and she did not file any class certification motion. Surely plaintiff knew that, if settlement negotiations failed, defendant would undoubtedly make an offer of judgment, so as to give itself grounds for the instant motion. Plaintiff apparently made a strategic decision not to file the class certification motion but, rather, to simply defend against the motion to dismiss. Even if the Court were to apply *Weiss*, it cannot

---

[10] Courts in the Northern District of Illinois (which is in the Seventh Circuit) have held that the proper way to avoid being "picked off" is for the putative class plaintiff who is served with a Rule 68 offer to move for class certification within the ten days allowed for response to the offer of judgment. *See Parker v. Risk Mgmt. Alternatives, Inc.*, 204 F.R.D. 113, 115 (N.D.Ill. 2001); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 244 (N.D.Ill. 2001).

be said that plaintiff has timely sought to file a motion for class certification so as to ward off the effects of the Rule 68 offer of judgment.

The Court finds defendant's motion to be well-taken. Defendant is entitled to have judgment entered in accordance with its Rule 68 offer of judgment and to dismissal of this action. The same shall be ordered.

### III. CONCLUSION

For the reasons discussed above, defendant's motion to enter judgment and to dismiss (Doc. No. 14) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: June 23, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**